UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| UNITED STATES OF AMERICA, | ) | CR. 13-50071-JLV |
|---|---|---|
| Plaintiff, | ) | |
| | ) | ORDER FOR PSYCHIATRIC |
| vs. | ) | OR PSYCHOLOGICAL |
| | ) | EXAMINATION |
| CHARLES CHIPPS, | ) | |
| Defendant. | ) | |

Defendant, through counsel of record, moved for a determination of his competency, pursuant to the provisions of 18 U.S.C. §§ 4241(a). (Docket 47). The government objects. (Docket 49). Prior to a competency hearing the court may order "that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court, pursuant to the provisions of section 4247(b) and (c)." 18 U.S.C. § 4241(b). The court has the discretion to order or not to order an examination. United States v. Cordes, 116 F.3d 481, 1997 WL 330656 at *1 (8th Cir. June 18, 1997) (unpublished) (citing with approval United States v. George, 85 F.3d 1433, 1437 (9th Cir. 1996) ("If reasonable cause exists, section 4241(a) requires a district court to conduct a competency hearing. However, even if the existence of reasonable cause requires a competency hearing, the court clearly has discretion to

determine whether an examination is also necessary.")); see also United States v. Mathison, No. CR06-4030-MWB, 2006 WL 3191545 at *1 (N.D. Iowa Nov. 1, 2006) ("The decision whether or not to order a psychiatric or psychological examination of the defendant is within the court's discretion.").

Here, the court accepts defense counsel's representation "that defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his own defense." (Docket 47 at p. 1). Defense counsel submits a number of records identifying medical conditions which support that conclusion. See Dockets 47-1 through 47-12. The court finds a psychiatric or psychological examination of Mr. Chipps is warranted. Accordingly, it is hereby

ORDERED that defendant's motion for a mental examination pursuant to 18 U.S.C. § 4241(a) (Docket 47) is granted.

IT IS FURTHER ORDERED that defendant shall be transported forthwith by the United States Marshals Service to a suitable facility operated by the Bureau of Prisons capable of conducting a psychiatric or psychological examination of defendant to determine his mental competency pursuant to 18 U.S.C. § 4241(a).

IT IS FURTHER ORDERED that a psychiatric or psychological examination of defendant be conducted within thirty (30) days and that a report be filed with the court pursuant to the provisions of 18 U.S.C. §§ 4247(b) and (c). Upon completion of the examination, defendant shall be transported back to this district for further disposition of the action pending against him.

IT IS FURTHER ORDERED that the period of time from the date of filing of this order until the results of such examination are received by this court and defendant is subsequently returned to this district for further disposition shall be regarded as excludable time for the purposes of determining speedy trial deadlines.

IT IS FURTHER ORDERED that, pursuant to the provisions of 18 U.S.C. § 3161(h)(1)(A), the ends of justice served by granting a continuance outweigh the best interests of the public and the defendant in a speedy trial.

IT IS FURTHER ORDERED that the clerk shall deliver a copy of this order to the United States Marshals Service.

Dated January 29, 2014.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE